LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-02757 BRO (PLAx) | Date | April 22, 2015 |
|---|---|---|---|
| Title | PALMDALE 3D, LLC V. BLACK DIAMOND FINANCIAL GROUP, LLC ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

Plaintiff Palmdale 3D, LLC ("Plaintiff") initiated this action by filing a Complaint in this Court on April 16, 2015.  (Dkt. No. 2.)  The Complaint does not specifically allege any basis for federal court subject matter jurisdiction.  (*See generally* Compl.)  A federal court must determine its own jurisdiction even if there is no objection.  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996).  Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Original jurisdiction may be established pursuant to 28 U.S.C. §§ 1331 or 1332.

Pursuant to § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).  Here, Plaintiff brings claims for breach of contract and fraud, both of which arise under state law.  Accordingly, the Court lacks jurisdiction under § 1331.

Jurisdiction under § 1332 requires that the amount in controversy exceed $75,000 and that the parties meet the complete diversity rule.  *See* 28 U.S.C. § 1332(a); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).  For complete diversity to exist, the plaintiff must be a citizen of a state different from the states of citizenship of all the defendants.  *Newman-Green*, 490 U.S. at 829.  An individual is deemed to be a citizen of his or her state of domicile.  *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-02757 BRO (PLAx) | Date | April 22, 2015 |
|---|---|---|---|
| Title | PALMDALE 3D, LLC V. BLACK DIAMOND FINANCIAL GROUP, LLC ET AL. | | |

1986). "[A] person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place, and intend[s] to remain there permanently or indefinitely." *Id.* (internal quotation marks and alterations omitted). A corporation is deemed a citizen of any state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A limited liability company is considered to be a citizen of every state of which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

After reviewing the Complaint, the Court finds that the allegations fail to demonstrate complete diversity. Plaintiff alleges that it is a limited liability company "organized under the laws of" and "conducting business" in the State of California. (Compl. ¶ 1.) Plaintiff does not allege, however, the identity of its owners or members, or the states of citizenship of those owners or members. Plaintiff's allegations regarding Defendants Black Diamond Financial Group, LLC and Black Diamond Holdings, LLC (collectively, "Black Diamond Defendants"), both of whom are also alleged to be limited liability companies, are similarly deficient. Although Plaintiff alleges that Defendant Patrick Imeson "was the managing member of each Black Diamond entity," (*see id.* ¶ 4), this allegation does not clearly identify *each* of the members or owners of Black Diamond Defendants and their respective states of citizenship at the time of filing. Additionally, Plaintiff alleges that Defendant Eastern Resources, Inc. is a Delaware corporation, (*see id.* ¶ 3), but fails to allege the company's principal place of business.

In sum, Plaintiff's allegations are insufficient to demonstrate complete diversity among the parties. Accordingly, the Court **ORDERS** Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. An appropriate response to this Order will: (1) identify each owner or member of Plaintiff and Black Diamond Defendants and allege their respective states of citizenship; (2) allege Defendant Patrick Imeson's state of domicile; and (3) allege Defendant Eastern Resources, Inc.'s principal place of business. **Plaintiff's response to this Order shall be filed by no later than Tuesday, April 28, 2015, at 4:00 p.m.**

**IT IS SO ORDERED.**

:

Initials of Preparer        rf