UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-14-07523-MWF (PLAx)                **Date: June 22, 2015**
CV-15-02757-MWF (PLAx)

Title:     Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
Palmdale 3D, LLC -*v*- John P. Calamos et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER GRANTING IN PART AND DENYING IN
PART RE MOTION TO DISMISS; DENYING
MOTION FOR JUDGMENT ON THE PLEADINGS;
AND CONSOLIDATING CASES

Presently before the Court are three related motions, filed in two related cases.
In both cases Palmdale 3D, LLC ("Palmdale") seeks to obtain payment for a loan
obligation reduced to judgment in *Palmdale 3D, LLC v. Black Diamond Financing,
LLC*, Case No. SC102413 (the "State Court Action"). Because the motions in the two
separate actions refer to each other and the cases are so closely related, the Court
addresses them together. Further, as indicated to the parties before the hearing, the
Court intends to consolidate the two actions, *Palmdale 3D, LLC v. Black Diamond
Financial Group, LLC et al.* CV–15–02757–MWF (the "*Black Diamond* Action"), and
*Palmdale 3D, LLC v. John P Calamos et al.* CV–14–07523–MWF (the "*Calamos*
Action").

In the *Black Diamond* Action, Defendants Patrick Imeson; Black Diamond
Financial Group, LLC ("BD Financial"); and Black Diamond Holdings, LLC ("BD
Holdings") (collectively the "Black Diamond Defendants") filed a Motion for Failure
to State a Claim Pursuant to F.R.C.P. 12(b)(6) (the "Black Diamond Motion") on May
18, 2015. (Docket Nos. 19). Palmdale filed an Opposition to Defendants' Motion to
Dismiss Pursuant to F.R.C.P 12(b)(6) (the "Black Diamond Opposition") on May 26,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV-14-07523-MWF (PLAx)**                    **Date: June 22, 2015**
            **CV-15-02757-MWF (PLAx)**

Title:     Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
           Palmdale 3D, LLC -*v*- John P. Calamos et al.

2015.  (Docket No. 22).  Defendants filed a Reply Brief in Support of Motion to Dismiss for Failure to State a Claim Pursuant to F.R.C.P. 12(b)(6) (the "Black Diamond Reply") on May 31, 2015.  (Docket No. 23).

In the *Calamos* Action Defendants John Calamos and Calim Private Equity, LLC ("Calim") filed a Motion for Judgment on the Pleadings (the "Calamos Motion") on May 15, 2015.  (Docket No. 54).  Imeson filed his own Motion for Judgment on the Pleadings (the "Imeson Motion") on the May 18, 2015.  (Docket No. 56).  Palmdale filed a single Opposition to Defendants' Motion for Judgment on the Pleadings (the "Calamos Opposition") on May 26, 2015.  (Docket No. 59).  Calamos and Calim filed a Reply in Support of Motion for Judgment on the Pleadings (the "Calamos Reply") on June 1, 2015.  (Docket No. 61).  Imeson filed a Reply in Support for Judgment on the Pleadings (the "Imeson Reply") on May 31, 2015.  (Docket No. 60).

The Court held a hearing on the matter on June 15, 2015.  For the reasons stated below the Court **DENIES** the Calamos Motion and the Imeson Motion.  The Court **DENIES** the Black Diamond Motion as to Palmdale's contract claim, and **GRANTS** the Black Diamond Motion as to Palmdale's fraud claim, ***with leave to amend***.  The Court **ORDERS** the *Calamos* Action, CV–14–07523–MWF, and the *Black Diamond* Action, CV–15–02757–MWF to be consolidated.

## I.  <u>BACKGROUND</u>

The *Calamos* Action and the *Black Diamond* Action both arise out of Palmdale's attempts to collect on a loan.  In 2007, Black Diamond Financing, LLC ("BDF"), and Global VR, Inc. ("Global VR") entered into a loan agreement (the "Loan") with Apex Investment Fund, Ltd. ("Apex").  The Loan was guaranteed by Calim Private Equity, LLC ("Calim") as well as by Calim Bridge Partners I, LLC; Calim Bridge Partners II, LLC; Calim Venture Partners I, LLC; and Calim Venture Partners II, LLC.  Apex assigned the Loan to Palmdale.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.**  **CV-14-07523-MWF (PLAx)**          **Date: June 22, 2015**
          **CV-15-02757-MWF (PLAx)**

Title:     Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
          Palmdale 3D, LLC -*v*- John P. Calamos et al.

When BDF and Global VR defaulted on the Loan, Palmdale brought suit in Los Angeles Superior Court against them and the guarantors. Palmdale obtained a judgment against BDF, Global VR, and the various Calim entities in its action to enforce the Loan in *Palmdale 3D v. Black Diamond Financing, LLC*, Case No. SC102413 (the "State Court Action"). Calim, however, was dismissed from the action when it signed a new guaranty (the "New Guaranty"), executed on June 26, 2009. (*Calamos* Action, Second Amended Complaint, Ex. A, Docket No. 20-1). A Stipulation for Entry of Judgment upon Default was executed and filed for the remaining defendants on July 10, 2009 (the "Stipulation"); the Stipulation provided for entry of judgment if the non-Calim defendants defaulted on their obligation to pay Palmdale $1,331,936 plus interest as agreed to in the Stipulation. (*Calamos* Action, Second Amended Complaint, Ex. B, Docket No. 20-2).

The New Guaranty provided that Calim would be responsible for the underlying debt and judgment in the State Court Action if the other defendants failed to make payment under certain conditions. The defendants in the State Court Action did not make payment. Palmdale obtained an uncontested judgment against Calim on the basis of the New Guaranty in another suit brought in Los Angeles Superior Court. (*Calamos* Action, Second Amended Complaint, Ex. C, Docket No. 20-3). Plaintiff filed suit in Los Angeles Superior Court against Calim, and its principles, Imeson and Calamos, alleging, among other claims, fraud and fraudulent transfer against Imeson and Calamos, and seeking their personal liability as to the amount owed by Calim. (*Calamos* Action, Docket No. 1). That action was removed to this Court as the *Calamos* Action on September 26, 2014. (Docket No. 1).

The Court permitted Palmdale to file a Second Amended Complaint ("SAC"). (Docket Nos. 23, 20). Palmdale asserted five claims for relief in its SAC: 1) fraud; 2) fraudulent conveyance; 3) conversion and construction trust; 4) Common Counts (Account Stated and Money Had and Received); and 5) alter ego or amendment and enforcement of judgment against Calamos and Imeson.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV-14-07523-MWF (PLAx)**          **Date: June 22, 2015**
        **CV-15-02757-MWF (PLAx)**

Title:    Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
        Palmdale 3D, LLC -*v*- John P. Calamos et al.

The defendants in the *Calamos* Action, including Imeson, filed motions to dismiss. On January 5, 2015 the Court dismissed all but Palmdale's fraudulent conveyance claim, with prejudice, primarily on the basis that Imeson's statements were protected by the litigation privilege and were based on unenforceable promises of future payments. (Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (the "*Calamos* Motion to Dismiss Order") (Docket No. 39)). In its remaining claim, Palmdale alleges that Imeson and Calamos improperly removed money from Calim so that Calim lacked the assets to satisfy the New Guaranty.

On April 15, 2015, Palmdale filed its Complaint in the *Black Diamond* Action seeking recovery for the same judgment as the State Court Action. The basis of Palmdale's recovery in the *Black Diamond* Action is a Promissory Note (the "Note") for $1,100,000 executed on April 6, 2012 by Imeson, on behalf of BD Financial, for the benefit of Palmdale. Palmdale contends that the Note memorialized an agreement whereby BD Financial would assume the responsibility for the Loan in exchange for the amount to be reduced to $1,100,000 and Palmdale's commitment to seek payment from only BD Financial under the terms of the Note. The Note provided for monthly interest only payments from August 2012 until August 2015, at which point the total unpaid interest and principal would be due.

In its Complaint, Palmdale alleges two claims for relief. First, Palmdale alleges breach of contract because BD Financial has defaulted on the Note by failing to make any payments. Second, for fraud based on Imeson's purportedly misleading statements as to his, and BD Financial and BD Holdings', intention and ability to satisfy the amounts in the Note. Palmdale alleges that all the *Black Diamond* Action Defendants are liable for all claims on an alter ego theory.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.**   **CV-14-07523-MWF (PLAx)**              **Date: June 22, 2015**
              **CV-15-02757-MWF (PLAx)**

Title:      Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
            Palmdale 3D, LLC -*v*- John P. Calamos et al.

## II.   <u>LEGAL STANDARDS</u>

In ruling on a Motion to Dismiss under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer). However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. The Court, based on judicial experience and common-sense, must determine whether a complaint plausibly states a claim for relief. *Id.* at 679.

In deciding a motion for judgment on the pleadings under Rule 12(c) the court applies the same the standard as for a Rule 12(b)(6) motion to dismiss. *Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) (holding that Montana's alleged public policy barring recovery by insureds for indemnity for intentional acts did not entitle insurers to judgment on the pleadings).

## III.   <u>DISCUSSION</u>

In the Imeson Motion and the Calamos Motion, the Calamos Defendants urge the Court to dismiss the *Calamos* Action because the *Calamos* Action and *Black Diamond* Action contain impermissibly inconsistent allegations. Specifically, they argue that Palmdale's allegations in the *Black Diamond* Action are that the Note on which it seeks recovery was executed in exchange for Palmdale giving up any claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV-14-07523-MWF (PLAx)**              **Date: June 22, 2015**
             **CV-15-02757-MWF (PLAx)**
Title:       Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
             Palmdale 3D, LLC -*v*- John P. Calamos et al.

as to the judgment on the Loan or the New Guaranty in exchange for the Note. Therefore, the Calamos Defendants contend, Palmdale has conceded that it does not have a legal basis to recover against Calim, and by extension Imeson and Calamos through the *Calamos* Action.

At the same time, the *Black Diamond* Action Defendants, including Imeson, contend that both the breach of contract claim and the fraud claim, in that action should be dismissed.  The Black Diamond Motion is based in part on the invalidity of the Note because of a lack of consideration.

It appears to the Court that the outcome sought by Defendants in both cases – and Imeson in particular – is for the Court to grant judgment on the pleadings in the *Calamos* Action and also dismiss the *Black Diamond* Action because the Note is unenforceable and the fraud claims are inadequately pleaded.  For the reasons explained below, the Court will not do so.  Instead the Court determines that the cases should be consolidated and allowed to proceed as Palmdale pleads plausible, and permissible, claims against all the Defendants.  The Court does, however, dismiss the fraud claim in the *Black Diamond* Action, but does so with leave to amend.

## A.     Motion for Judgment on the Pleadings

As explained above, the Calamos Defendants ask that the Court grant their Motion because Palmdale's own allegations in the *Black Diamond* Action show that it has contracted away its right to seek recovery from the Loan and related judgments under the Note.

Palmdale argues that pursuant to Federal Rule of Civil Procedure 8 it is entitled to plead in the alternative, and may also plead inconsistent facts and theories of recovery.  (*Calamos* Opp. at 6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-14-07523-MWF (PLAx)                    **Date: June 22, 2015**
             CV-15-02757-MWF (PLAx)

Title:      Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
            Palmdale 3D, LLC -*v*- John P. Calamos et al.

The Calamos Defendants argue that while Palmdale is entitled to pleadings in the alternative in a single claim, it is not entitled to entirely contradictory facts in two separate actions. They contend that Palmdale is committing a fraud on the Court and should not be permitted to take these entirely contradictory positions. They further point to authorities that indicate that Rule 8 must be read in conjunction with Rule 11, and that Plaintiff's position in the *Calamos* Action does not survive Rule 11 scrutiny given its pleadings in the *Black Diamond* Action. The Defendants have also filed motions seeking sanctions under Rule 11 noticed for hearing on July 20, 2015. (Docket Nos. 67, 68).

The Court is unpersuaded. Rule 8 embodies a generally "liberal pleading policy." *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985). Rule 8(d) reads in pertinent part:

> [. . .]
> (2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
> (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

The Ninth Circuit has also held that, in light of Rule 8's liberal pleading policy, a pleading "should not be construed as an admission against another alternative or inconsistent pleading in the same case." *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir.1990) (quoting *Molsbergen*, 757 F.2d at 1019).

The Calamos Defendants argue that Palmdale are not entitled to entirely inconsistent facts, especially when those facts are within its own knowledge, and Palmdale had knowledge of the Note. The most widely case cited for this proposition

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**   CV-14-07523-MWF (PLAx)                    **Date: June 22, 2015**
              CV-15-02757-MWF (PLAx)

Title:        Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
              Palmdale 3D, LLC -*v*- John P. Calamos et al.

---

is *American International Adjustment Company v. Galvin*, from the Seventh Circuit, in which the court explained that "a pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question." 86 F.3d 1455, 1461 (7th Cir. 1996)

The case has been cited by a number of district courts in the Ninth Circuit, as well as by the Ninth Circuit itself. *See Total Coverage, Inc. v. Cedant Settlement Services Group, Inc.*, 252 Fed. App'x. 123, 126 (9th Cir. 2007); *Daewoo Electronics Am. Inc. v. OPTA Corp.*, No. 13-CV-01247-VC, 2014 WL 3381232, at *3 (N.D. Cal. July 10, 2014) (holding that plaintiff was permitted to make inconsistent allegations at the pleading stage); *Kwasniewski v. Sanofi-Aventis U.S., LLC*, No. 2:12-CV-00515-GMN, 2013 WL 5882749, at *5 (D. Nev. Oct. 29, 2013) (holding that plaintiff may not assert that he was experiencing suicidal ideations in proposed amended complaint where he had previously alleged that there was no disputed fact that he was not experiencing suicidal ideations at the time in question).

The *Calamos* Defendants also cite to *Ohio Midland, Inc. v. Proctor* in support of their position. C2–05–1097, 2006 WL 3793311 (S.D. Ohio Nov. 28, 2006) aff'd sub nom. *Ohio Midland, Inc. v. Ohio Dep't of Transp.*, 286 F. App'x 905 (6th Cir. 2008). In *Ohio Midland*, plaintiff had purchased a toll bridge with the intent to operate it for a profit. The Ohio Department of Transportation ("ODT") had recently removed an onramp on one side to enable construction of a highway. Plaintiff believed that the ramp would be rebuilt allowing operations to resume. When the ramp was not rebuilt, the U.S. Coast Guard determined that the bridge was an "unreasonable obstruction to navigation" and ordered plaintiff to remove it. Plaintiff refused and was fined for not complying with the order.

Plaintiff brought suit to compel ODT to rebuild the ramp, allow it to use the bridge as it intended, and enjoin the Coast Guard's order. In the alternative, plaintiff argued that it had abandoned the bridge, and any costs associated with it should be

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-14-07523-MWF (PLAx)                    **Date: June 22, 2015**
             CV-15-02757-MWF (PLAx)
**Title:**    Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
             Palmdale 3D, LLC -*v*- John P. Calamos et al.

borne by the various parties on whose property the bridge rested.  On a motion for reconsideration, the district court held that the right to plead in the alternative embodied in Rule 8 did not extend to cover plaintiff's alternate theories.  The court held that Rule 8 did not permit plaintiff to plead these inconsistent theories because it could not legitimately be in doubt as to the facts relating to abandonment of the bridge.  Under Ohio law, "abandonment *lies within Plaintiffs' own intentions*" and so plaintiff knew full well whether it had abandoned the bridge or not.  *Id.* at *4 (emphasis in the original).

Similarly, in *Kwasniewski*, the district court did not grant plaintiff leave to amend his complaint to add an additional claim against a new defendant.  2013 WL 5882749, at *5.  The new claim relied on the allegation that plaintiff had suicidal ideation at the time of a meeting with a therapist.  *Id.*  The court held that because plaintiff had previously alleged that it was undisputed that he did not have suicidal ideation at that time, and because that fact was wholly within his knowledge, he could not plead this inconsistent fact to support an alternate theory of relief.  *Id.*

This case is distinguishable.  The relevant fact is not of a sort similar to those in *Ohio Midland*, or *Kwasniewski*.  While Palmdale may have knowledge as to its intent with regards to the Note, whether an enforceable contract was created is not a fact wholly known by Palmdale but rather a legally contested issue.  Indeed, as articulated below, the very portion of the Note purporting to memorialize the agreement to relieve all other entities from their obligations is ambiguous.  Plaintiff may very well be in reasonable doubt as to the validity of that provision, or indeed the enforceability of the Note as a whole for the numerous reasons articulated by the Black Diamond Defendants in their Motion.  Imeson himself presents arguments in the two actions, that when viewed together, are the direct converse of the inconsistent positions which he, and the other Defendants, accuse Palmdale of taking.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV-14-07523-MWF (PLAx)**                    **Date: June 22, 2015**
              **CV-15-02757-MWF (PLAx)**

Title:      Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
            Palmdale 3D, LLC -*v*- John P. Calamos et al.

In *Molsbergen v. United States*, on which the *Ohio Midland* court partly relied, the Ninth Circuit explained that the "clear intent" of the Federal Rules to allow claims to be asserted alternatively would be undermined if one claim could be invoked as an admission against an alternative or inconsistent claim. 757 F.2d at 1019.  Such a policy would "significantly restrict, if not eliminate, the freedom to plead inconsistent claims provided by Rule 8[]." *Id*.  The court held that the district court erred in assessing two of the plaintiff's claims together.  In one claim plaintiff alleged that the government had knowledge of the dangers of radiation before plaintiff's exposure and caused his exposure anyway.  In the other, plaintiff alleged that the government became aware of the dangers of radiation exposure but failed to warn him of the dangers.  *Id*. at 1018.  Instead of comparing the two, each should have been assessed independently, and if sufficient on their own, should have been allowed to proceed.  *Id*. at 1019.

Given the liberality of pleading allowed by Rule 8, Palmdale may appropriately assert that it has a contract claim against one set of defendants, and that it has a claim against another that would be foreclosed by the contract claim, even though it would not be able to collect on both.  There is no reason why the claims may not go forward together at this stage.  The Court will not force Palmdale to choose between his claims at this stage.

The *Calamos* Defendants also argue that the alternative and inconsistent pleading permitted by Rule 8 does not apply across separate actions.  They are correct that Rule 8 refers to a single complaint.  However, given the generally liberal pleading policy embodies by the Federal Rules, and Rule 8 in particular, there is little reason to not allow such pleading across the two complaints.  Palmdale also notified the Court that the cases were related when it filed the *Black Diamond* Action Complaint and so did not attempt to hide the cases to gain an improper advantage.  (Docket No. 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV-14-07523-MWF (PLAx)                **Date: June 22, 2015**
                CV-15-02757-MWF (PLAx)
Title:        Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
              Palmdale 3D, LLC -*v*- John P. Calamos et al.

        At the hearing, counsel for Calamos and Calim argued that under Palmdale's theory of the *Black Diamond* Action the Note is a novation. Therefore, under California law, it rescinds any prior obligation, even if ultimately the Note is not itself enforceable. By suing under the Note, counsel argued, Palmdale has already elected its preferred vehicle for collection of the debt as a matter of law and so the *Calamos* Action should be dismissed. The argument in this precise form, as conceded by counsel, was not in the papers submitted on the Calamos Motion. Such an argument is not frivolous and certainly suggests that at some point Palmdale will have to choose or will have the choice made for it by a ruling of this Court. However, neither the fact that the Note may be a novation, nor the decision in *Ohio Midland*, changes this Court's decision that now is not the appropriate time to force that choice.

        Given the liberal pleading policy behind Rule 8, and the highly contested enforceability of the Note, the Court will not force Palmdale to choose between its theories of recovery. Accordingly, the Court **DENIES** the Calamos Motion and the Imeson Motion.

        **B.      <u>The Black Diamond Motion</u>**

        The Black Diamond Defendants argue that Palmdale fails to adequately plead the necessary elements for both its contract claim and its fraud claim.

        **1.      Contract Claim**

        The Black Diamond Defendants challenge Palmdale's claim for breach of contract on three grounds. First, there is no consideration and so it is an unenforceable promise. Second, the Note is merely an agreement to agree, and not a final enforceable contract. Third, even if the Note constitutes an enforceable contract against BD Financial, it is not enforceable against BD Group and Imeson because they did not sign the Note.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-14-07523-MWF (PLAx)                **Date: June 22, 2015**
         CV-15-02757-MWF (PLAx)

Title:    Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
         Palmdale 3D, LLC -*v*- John P. Calamos et al.

### a. Palmdale Alleges Consideration

Palmdale argues that the consideration for the Note was twofold: Palmdale's agreement to forgo seeking payment of the judgment under the New Guaranty from any party other than those entities party to the Note; and Palmdale's agreement to reduce the amount owed from $1,454,084.54 to $1,100,000.

The existence of a "written instrument is presumptive evidence of consideration." Cal. Civ. Code § 1614. As explained by Witkin, "[c]onsideration may be either (1) a benefit conferred or agreed to be conferred upon the promisor or some other person; or (2) a detriment suffered or agreed to be suffered by the promisee or some other person." 1 B.E. Witkin, *Summary of California Law*, Contracts § 203 (10th ed. 2005). *See also* Cal. Civ. Code § 1605 (any benefit conferred or detriment suffered can serve as consideration, as long as it is lawful). Therefore either of the items cited by Palmdale would, on their own, be sufficient to constitute consideration to support an enforceable contract.

The promise not to assert the judgment against any other entities is a benefit agreed to be conferred on a party – the Calim entities, VR Global, and conceivably even Imeson himself. Further, the reduction in the size of the debt by more than $300,000 is a detriment suffered by Palmdale. "An agreement to forbear to sue upon an obligation presently due is sufficient consideration to support the debtor's promise." *Louisville Title Ins. Co. v. Sur. Title & Guar. Co.*, 60 Cal. App. 3d 781, 793, 132 Cal. Rptr. 63 (1976) (holding that recital that plaintiff's promise to execute a specific indemnity so that defendants could obtain an appeal bond was given in consideration of agreements undertaken by defendant was prima facie evidence that such was the consideration for plaintiff's undertaking).

The Black Diamond Defendants argue that the Note itself does not support the claim of consideration made by Palmdale. The only indication that Palmdale agreed to

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-07523-MWF (PLAx)                    Date: June 22, 2015
          CV-15-02757-MWF (PLAx)

Title:    Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
          Palmdale 3D, LLC -*v*- John P. Calamos et al.

not seek payment elsewhere is based on Palmdale's own interpretation of a handwritten, but signed, addition to the contract.  This argument fails for two reasons.  *First*, the size of the debt is present in the face of the contract and, combined with Palmdale's allegations and the written agreement itself, is sufficient to establish consideration.  *Second*, the Black Diamond Defendants cannot rely on disputes that go to the meaning of ambiguous terms of the contract on a motion to dismiss.

Accordingly, the Court determines that Palmdale adequately alleges consideration sufficient to support finding that the Note is an enforceable contract.

### b.  The Agreement is Not an Unenforceable Agreement to Agree

The Black Diamond Defendants point to the same handwritten portion that indicates that "The parties agree to" shows that the Note is not an enforceable contract but merely an unenforceable agreement to agree.  They further argue that the Court may interpret the particular section and decide that the Note is not a final agreement because the provision "can be interpreted as a matter of law because it is not reasonable susceptible to two interpretations."  (Reply at 7).

However, the Black Diamond Defendants rely on only that particular handwritten section to argue that the Note as a whole is but an agreement to agree.  The Black Diamond Defendants are wrong for these reasons:

*First*, as the Court determined above, the reduction in the debt owed was sufficient consideration on its own to create an enforceable contract, and it is clearly stated within the four corners of the contract.  Therefore, actual agreement to forebear on collection against entities not party to the Note is not necessary for the Note to be enforceable.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-14-07523-MWF (PLAx)              Date: June 22, 2015
           CV-15-02757-MWF (PLAx)
Title:     Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
           Palmdale 3D, LLC -*v*- John P. Calamos et al.

*Second*, the handwritten section, and its relationship to the rest of the Note, is not unambiguous as the Black Diamond Defendants contend. For one, its very substance is far from clear.

In the Court's best reading of the handwriting, it states:

The parties agree to
(1) Add clause to acknowledge that debt and action against Global VR, Calim Private Equity, and any of the Calim or related entities were named in the action or debt obligation.
(Complaint, Ex. A at 2).

At the very least, the sentence appears to be missing a verb, and what the parties agree the clause should acknowledge is far from clear. The Court may not, therefore, interpret it as a matter of law at this stage in the litigation.

Further, whether it is an agreement to agree, a part of the agreement, or a clause for which agreement is necessary for the rest of the Note to be binding is also not unambiguously clear. Palmdale's allegations in the Complaint are that the Note memorializes an agreement between Palmdale and BD Holdings to agree to a Note for $1.1 million, to be paid in installments, in exchange for reducing the debt and seeking it solely from BD Holdings. These allegations are plausibly pleaded and meet the requirements of Rule 8, and therefore are sufficient.

### c.  Alter Ego

Defendants argue that even if the Note is an enforceable contract, it is enforceable only against BD Holdings, because only BD Holdings signed the Note. In response, Palmdale directs the Court to its allegations that BD Financial, BD Holdings, and Imeson are alter egos, and so jointly and severally liable for the Note. (Compl. ¶¶ 8–9).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV-14-07523-MWF (PLAx)**          **Date: June 22, 2015**
         **CV-15-02757-MWF (PLAx)**

Title:   Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
         Palmdale 3D, LLC -*v*- John P. Calamos et al.

         "A basic tenet of American corporate law is that the corporation and its
shareholders are distinct entities." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474
(2003). "The terminology 'alter ego' or 'piercing the corporate veil' refers to situations
where there has been an abuse of corporate privilege, because of which the equitable
owner of a corporation will be held liable for the actions of the corporation." *Roman
Catholic Archbishop v. Superior Court*, 15 Cal. App. 3d 405, 411, 93 Cal. Rptr. 338,
341 (1971) (citing *Minton v. Cavaney*, 56 Cal. 2d 576, 579, 15 Cal. Rptr. 641 (1961)).
Under California law, "[t]he alter ego doctrine applies where (1) such a unity of
interest and ownership exists that the personalities of the corporation and individual are
no longer separate, and (2) an inequitable result will follow if the acts are treated as
those of the corporation alone." *RRX Indus., Inc. v. Lab-Con, Inc.*, 772 F.2d 543, 545
(9th Cir. 1985) (citing *Automotriz Del Golfo De California S.A. De C.V. v. Resnick*, 47
Cal. 2d 792, 796, 306 P.2d 1 (1957); *United States Fire Ins. Co. v. Nat'l Union Fire
Ins. Co.*, 107 Cal.App.3d 456, 470, 165 Cal. Rptr. 726 (1980)).

         In connection with the unity of interest analysis, "[a]mong the factors to be
considered in applying the doctrine are comingling of funds and other assets of the two
entities, the Holdings out by one entity that it is liable for the debts of the other,
identical equitable ownership in the two entities, use of the same offices and
employees, and use of one as a mere shell or conduit for the affairs of the other."
*Roman Catholic Archbishop*, 15 Cal. App. 3d at 411 (citing *Associated Vendors, Inc. v.
Oakland Meat Co.*, 210 Cal. App. 2d 825, 838-39, 26 Cal. Rptr. 806 (1962)).
Additional factors that may be considered are "inadequate capitalization, disregard of
corporate formalities, lack of segregation of corporate records, and identical directors
and officers." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 539, 99
Cal. Rptr. 2d 824 (2000). "No one characteristic governs, but the courts must look at
all the circumstances to determine whether the doctrine should be applied." *Sonora
Diamond Corp.*, 83 Cal. App. 4th at 539 (citing *Talbot v. Fresno-Pac. Corp.*, 181 Cal.
App. 2d 425, 432, 5 Cal. Rptr. 361 (1960)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | **CV-14-07523-MWF (PLAx)** | **Date: June 22, 2015** |
| | **CV-15-02757-MWF (PLAx)** | |
| Title: | Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al. | |
| | Palmdale 3D, LLC -*v*- John P. Calamos et al. | |

As to the second prong of the analysis, "[t]he alter ego doctrine does not guard every unsatisfied creditor of a corporation but instead affords protection where some conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form." *Sonora Diamond Corp.*, 83 Cal. App. 4th at 539 (finding that the alter ego analysis was not satisfied as between a Nevada mining corporation doing business in California and its Canadian corporate parent, where there was no evidence of any wrongdoing by either the parent or its subsidiary or any evidence of injustice flowing from the recognition of the subsidiary's separate corporate identity). "Equity will lift the corporate mask and identify the person behind it when a business corporation reorganizes under a new name, with practically the same stockholders and directors, to carry on the former business with the design of avoiding the liabilities of the original company." *Talbot v. Fresno-Pac. Corp.*, 181 Cal. App. 2d 425, 432, 5 Cal. Rptr. 361 (1960) (citing *Stanford Hotel Co. v. M. Schwind Co.*, 180 Cal. 348 (1919)).

Conclusory allegations are not sufficient to support an alter ego finding. *Maganallez v. Hilltop Lending Corp.*, 505 F. Supp. 2d 594, 607 (N.D. Cal. 2007) (holding that allegations of inadequate capitalization, unity of interest, and failure to maintain corporate formalities were sufficient to allege alter ego liability). For example, in *Brennan v. Concord EFS, Inc.*, the district court determined that a statement alleging only that "Bank One exercised such dominion and control over Bank One, NA and Bank One Arizona that it [was] liable according to the law for the acts of Bank One" was an inadequate legal conclusion. 369 F.Supp.2d 1127, 1136 (N.D. Cal. 2005).

Other plaintiffs, however, have met the minimum factual pleading threshold. The *Maganallez* court found the following allegations sufficient to allege alter ego liability:

"[Hilltop Lending] was inadequately capitalized, failed to maintain corporate formalities and was designed to limit the liability of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**   CV-14-07523-MWF (PLAx)                **Date: June 22, 2015**
             CV-15-02757-MWF (PLAx)

Title:        Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
             Palmdale 3D, LLC -*v*- John P. Calamos et al.

> Nguyen. There was such a unity of interest and ownership between
> Nguyen and [Hilltop Lending] that the individuality and separateness
> of Nguyen and [Hilltop Lending] has ceased to exist and adherence to
> the fiction of the separate existence of [Hilltop Lending] would
> sanction fraud and promote injustice."

505 F.Supp.2d at 607.

Palmdale's allegations are similar to those found adequate in *Maganallez*. It
alleges that BD Financial and BD Holdings were undercapitalized, were not designed
to be profit-making, failed to maintain business records, used assets and funds for non-
business purposes, and are unable to satisfy their obligations to Palmdale. (Compl.
¶ 9). Further, Imeson, as managing member of BD Financial and BD Holdings, treated
their assets as his own by transferring their assets to himself. If true, as the Court must
treat such allegations on a motion to dismiss, such facts support a finding of alter ego.

Because the Black Diamond Defendants fail to show that the Note lacked
consideration, and the Court determines that the Palmdale adequately alleges that the
Note is an enforceable agreement and alter ego liability as to Imeson and BD Financial.
Accordingly, the Black Diamond Motion is **DENIED** as to Palmdale's breach of
contract claim.

### 2.   Fraud Claim

The Black Diamond Defendants argue that Palmdale's claim for fraud must be
dismissed for seven reasons. First, the claim is merely a restatement of Palmdale's
fraud claim in the *Calamos* Action, which this Court dismissed. Second, the claim is
barred by the statute of limitations. Third, the Complaint alleges no misrepresentations
made by BD Financial or BD Holdings. Fourth, Palmdale alleges a bare failure to
perform under the Note, a claim which does not constitute fraud. Fifth, any alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-07523-MWF (PLAx)                    Date: June 22, 2015
          CV-15-02757-MWF (PLAx)
Title:    Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
          Palmdale 3D, LLC -*v*- John P. Calamos et al.

misrepresentations are covered by the litigation privilege.  Sixth, Palmdale fails to
show justifiable reliance.  Finally, the claim fails to satisfy the heightened pleading
requirements of Rule 9(b).

     Palmdale's fraud claim is based on Imeson's allegedly fraudulent promises that
BD Holdings would satisfy the judgment if Palmdale reduced the amount owed to $1.1
million and agreed not to enforce the judgment against any other entities.  (Compl. ¶¶
13, 19–23).

     The Court determines that Palmdale's claim must be dismissed because it fails to
satisfy the specificity requirements of Rule 9(b).  Because the Court also believes that
that these deficiencies may be readily corrected by Palmdale, the Court will grant
Palmdale leave to amend its Complain.  The Court therefore also addresses the other
arguments presented by the Black Diamond Defendants for why the claim should be
dismissed.

### a. Fraud Claims are Not a Restatement of the Dismissed Fraud Claim in the *Calamos* Action.

     The Black Diamond Defendants argue that Palmdale seeks to reassert the fraud
claim against Imeson that this Court dismissed in the *Calamos* Action.  This argument
is incorrect.  The two purported frauds relate to two separate agreements and different
entities.  The claim in the *Calamos* Action was against Imeson for his alleged fraud in
promising that Calim had the finances to pay the obligations embodied in the New
Guaranty.  The fraud claim in the *Black Diamond* Action alleges that Imeson made
similar misstatements as to BD Holdings and its obligations under the Note.  While the
nature of the fraud may be similar, they are not the same.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-07523-MWF (PLAx)                 Date: June 22, 2015
          CV-15-02757-MWF (PLAx)

Title:    Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
          Palmdale 3D, LLC -*v*- John P. Calamos et al.

### b.  Discovery of the Fraud and the Statute of Limitations

The Black Diamond Defendants contend that Palmdale should have known of Imeson's purported fraud on the day the Note was signed, April 6, 2012.  Because Palmdale filed this lawsuit on April 16, 2015 it was beyond California's three year statute of limitations for fraud.  *See* Cal. Code Civ. Proc. § 338(d).

Palmdale does not allege when it discovered the fraud.  However, Palmdale filed the *Black Diamond* Action three years and ten days after the Note was executed, so only 10 days after the very earliest possible date the statute of limitations period started to run.  It strains credulity that Palmdale should have been aware of the fraud on the day the fraud was allegedly committed, or even in the 10 days thereafter, such that Palmdale's fraud claim would not have been filed within the statute of limitations.  As the claim is being dismissed for an independent reason the question is moot.  However, as part of granting Palmdale leave to amend, the Court will allow Palmdale to amend the *Black Diamond* Action Complaint to allege the date it discovered the fraud.

### c.  Palmdale's Alter Ego Allegations are Sufficient to Maintain the Fraud Claim Against All Defendants

The Black Diamond Defendants argue that the allegations of fraud are limited to Imeson, and no allegation is made as to BD Financial or BD Holdings.  This argument is unpersuasive for two reasons.  First, as explained above, Palmdale has adequately alleged alter ego liability among all three Defendants.  Second, the Note and allegations do articulate involvement of all three Defendants.  Palmdale alleges that Imeson made the statements "on behalf of the Black Diamond Defendants."  (Compl. ¶ 20). Further, the Note is signed by Imeson, on behalf of BD Holdings, but indicates that Imeson is signing as Manager of BD Financial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-14-07523-MWF (PLAx)            Date: June 22, 2015
         CV-15-02757-MWF (PLAx)
Title:   Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
         Palmdale 3D, LLC -*v*- John P. Calamos et al.

### d.  The Allegations Support a Claim for Fraud

The Black Diamond Defendants' fourth argument is that Palmdale seeks a fraud remedy for what is only a breach of contract.  They are correct that the mere failure to perform a promise is not a tort.  *See* 5 B.E. Witkin, *Summary of California Law*, Torts § 781 (10th ed. 2005) ("Statements relating to what may happen in the future are generally not actionable, and the mere failure to perform a promise is not a tort."). However, a promise made with the intent not to perform it is a tort.  Cal. Civ. Code § 1710(4) (an actionable deceit includes a "promise, made without any intention of performing it"); Witkin, § 781 (explaining that "a promise made without any intention to perform may constitute fraud. A promise to do something necessarily implies the intention to perform, and where that intention is absent, there is an implied misrepresentation of fact, which is actionable fraud.").

Palmdale alleges that Imeson made the promise to pay the Note without any intention of performing it, or with knowledge that it would not be able to be performed. These allegations, presumed to be true, constitute an actionable fraud.

### e.  As Alleged the Misrepresentations are Not Covered by the Litigation Privilege

The Black Diamond Defendants mimic the motion to dismiss filed in the *Calamos* Action in arguing that Imeson's purported misrepresentations are covered by the litigation privilege because they were made within the context of enforcing a judgment.  California Civil Code § 47(b) provides protection for communications made in the course of a judicial proceeding.  Because Imeson made the representations in negotiations with Palmdale related to Palmdale's attempts to obtain payment of a judgment, the Black Diamond Defendants contend that the alleged misrepresentations constituted privileged communications made in the course of a judicial proceeding.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV-14-07523-MWF (PLAx)**                **Date: June 22, 2015**
             **CV-15-02757-MWF (PLAx)**

Title:       Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
             Palmdale 3D, LLC -*v*- John P. Calamos et al.

As formulated by California courts, "the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 39 Cal. Rptr. 3d 516 (2006).

The Black Diamond Defendants cite to *Rusheen* for the proposition that the privilege applies to postjudgment collection activities. *Id*. at 1065 (holding that "the litigation privilege extends to noncommunicative acts that are necessarily related to the communicative conduct, which in this case included acts necessary to enforce the judgment and carry out the directive of the writ."). However, *Rusheen* held that the litigation privilege served to defeat a claim for abuse of process arising from efforts to enforce a judgment by filing certain papers with the court.

Based on the allegations in the Complaint and the Black Diamonds' briefing, the Court cannot determine as a matter of law that the purported communications were sufficiently related to litigation for the privilege to apply, or that such an extension of the privilege would serve the privilege's intended purpose "to afford litigants and witnesses free access to the courts without fear of being harassed subsequently by derivative tort actions, to encourage open channels of communication and zealous advocacy, to promote complete and truthful testimony, to give finality to judgments, and to avoid unending litigation." *Id*. at 1063.

The purported misrepresentations are also distinguishable from those that served as the basis for the dismissed claim in the *Calamos* Action. The misrepresentations in that action were made as part of settlement negotiations and directly resulted in Calim being excluded from the judgment. These representations took place separate from the litigation and did not involve the participation of a court in any way.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-07523-MWF (PLAx)              Date: June 22, 2015
          CV-15-02757-MWF (PLAx)
Title:    Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
          Palmdale 3D, LLC -*v*- John P. Calamos et al.

### f.  Palmdale Alleges Justifiable Reliance

The sixth argument the Black Diamond Defendants make is that by the time Palmdale entered into the Note it was already skeptical of Imeson's promises and, therefore, was not justifiably relying on his representations.  Therefore, Palmdale's own allegations do not adequately allege justifiable reliance, a necessary element of a claim for fraud.

The Court is unconvinced.  First, the Complaint clearly does allege that Palmdale agreed to the provisions contained in the Note because of Imeson's representations.  (Compl. ¶ 22).

Second, Defendants' evidence in support is insufficient to find a lack of justifiable reliance as a matter of law on a motion to dismiss.  Defendants point to Palmdale's allegations in the *Calamos* Action to show that it was already well aware of Imeson's misstatements and to a declaration filed by Peter Schlesinger of Palmdale that he no longer believed Imeson.  (Black Diamond Mot. at 18).  While the Black Diamond Defendants do identify some inconsistency in Palmdale's allegations across the two actions that suggest that their reliance on Imeson's promises was not justifiable, such an argument is not appropriate on a motion to dismiss where the Court must take as true the allegations of the plaintiff.  And indeed, the very existence of the Note suggests reliance.  To the extent the Black Diamond Defendants assert that reliance was unjustified, that is a question best left to further discovery and ultimately a jury.

### g.  Palmdale Fails to Plead Fraud with the Requisite Particularity

The Black Diamond Defendants' last argument is that Palmdale does not plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b).  Rule 9(b) requires that "a party [alleging fraud] must state with particularity the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV-14-07523-MWF (PLAx)** **Date: June 22, 2015**
**CV-15-02757-MWF (PLAx)**

Title:    Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
          Palmdale 3D, LLC -*v*- John P. Calamos et al.

circumstances constituting fraud." To satisfy Rule 9(b), a plaintiff must include "the who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted).

The Complaint fails to sufficiently allege particular facts to meet the requirements of Rule 9. Even by the more lenient standard Palmdale offers, its allegations are insufficient. Palmdale contends that it sufficiently alleges the "time, place and nature of the alleged fraudulent activities . . . and that is sufficient." (Black Diamond Opp. at 10). A review of the Complaint shows that Palmdale has alleged the nature of the alleged misrepresentations, but not the time and the place. The only dates in the Complaint are those relating to the default judgment and the signing of the Note. Nor does the Complaint allege how or where the communications were made, or to whom they were made.

For this reason, the Court **GRANTS** the Black Diamond Motion as to Palmdale's fraud claim. The Court has little doubt that Palmdale may be able to address these deficiencies in a First Amended Complaint and so dismisses the claim *with leave to amend*.

## IV.    **CONCLUSION**

For the reasons stated above, the Court **DENIES** the Calamos Motion and the Imeson Motion. The Court **GRANTS** *in part*, and **DENIES** *in part* the Black Diamond Motion. Specifically, the Court **GRANTS** the Black Diamond Motion as to Palmdale's second claim of relief for fraud, *with leave to amend* and **DENIES** the Black Diamond Motion as to Palmdale's first claim for relief.

Pursuant to Federal Rules of Civil Procedure, Rule 42(a), and good cause being found, the Court hereby consolidates the following actions:

- *Palmdale 3D LLC v. John P Calamos et al.* CV–14–07523–MWF (PLAx)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.** **CV-14-07523-MWF (PLAx)**      **Date: June 22, 2015**
           **CV-15-02757-MWF (PLAx)**

Title:      Palmdale 3D, LLC -*v*- Black Diamond Financial Group, LLC et al.
           Palmdale 3D, LLC -*v*- John P. Calamos et al.

- *Palmdale 3D, LLC v. Black Diamond Financial Group, LLC et al*. CV–15–02757–MWF (PLAx)

    The above actions are hereby **CONSOLIDATED** into a single action that shall be captioned *Palmdale 3D LLC v. John P Calamos et al.* CV–14–07523–MWF (PLAx).  The actions are consolidated for all purposes, including discovery, pretrial proceedings, and trial. Going forward, the parties shall make all filings in Case No. CV–14-07523-MWF (PLAx) **only**.

    Palmdale may proceed on its remaining claim against the Black Diamond Defendants or may file a First Amended Complaint as to its dismissed second claim for fraud.  Palmdale shall file its First Amended Complaint within **14 days** of the filing of this Order should it wish to do so, or inform the Court and Defendants of its intent to proceed on its remaining claim by that date.  Defendants shall file a response no later than **21 days** after Palmdale files its First Amended Complaint.  Any further motion to dismiss shall be addressed solely to any new allegations in the First Amended Complaint.  If Plaintiff declines to file a First Amended Complaint, the Black Diamond Defendants shall file their Answer no later than **14 days** after receiving notice of Palmdale's intent to proceed on the remaining claims in its Complaint.

    IT IS SO ORDERED.